# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY I PEREZ, SR., :
:
    Plaintiff :
: No. 1:17-CV-02117
vs. :
: (Judge Rambo)
LARRY MAHALLY, ET. AL., :
:
    Defendants :

## MEMORANDUM

Presently before this Court is pro se Plaintiff Anthony Perez, Sr.'s complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and motions to proceed in forma pauperis (Doc. Nos. 2 and 6). For the reasons set forth below, the Court will grant Plaintiff's motions to proceed in forma pauperis and dismiss the complaint with leave to amend.

## I.    Background

On November 17, 2017, Plaintiff, an inmate currently incarcerated at the State Correctional Institution in Chester, Pennsylvania ("SCI-Chester"), filed the instant civil action under 42 U.S.C. § 1983, for incidents allegedly taking place while Plaintiff was incarcerated at SCI-Dallas. Plaintiff names as Defendants: the Superintendent of SCI-Dallas, Larry Mahally; Inmate Grievance Coordinator Sowga; Chief Hearing Examiner J.H. Dupont; Nurse Waligun; Hearing Examiner

1

C.J. McKeown; and Grievance Officer Young. (Doc. No. 1.) The sparse allegations contained within Plaintiff's complaint allege that on March 26, 2017, Nurse Waligun retaliated against Plaintiff by filing a false misconduct report, accusing Plaintiff of assaulting her. (Id. at 9.) Plaintiff alleges that Nurse Waligun filed this false misconduct because Plaintiff and his family had complained to a number of individuals that Plaintiff was not receiving adequate medical care from the medical department. (Id.)

Plaintiff appears to next allege that Hearing Examiner C.J. McKeown violated his due process rights when McKeown limited and stopped Plaintiff from defending himself during the misconduct hearing. (Id.) Plaintiff further alleges that McKeown refused Plaintiff's request for video tape evidence to be used during his hearing. (Id.) Finally, Plaintiff appears to allege that Officer Young conspired with Nurse Waligun to cover up her false misconduct report of assault. (Id. at 9, 10.) As relief, Plaintiff seeks the removal of his misconduct from his record and compensation. (Id. at 5, 6.)

**II. Standard of Review**

**a. Screening Prisoner Complaints**

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If

a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding <u>in forma pauperis</u> and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., <u>Smithson v. Koons</u>, No. 1:15-CV-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); <u>Mitchell v. Dodrill</u>, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court

employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a

4

complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be

held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### b. Section 1983 Standard

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

## III. Discussion

Upon review of the complaint it appears that Plaintiff sets forth the following claims: a Fourteenth Amendment Due Process violation; a retaliation claim; and a conspiracy claim. (Doc. No. 1 at 9.) The only Defendants that appear to be implicated in the above claims are Nurse Waligun, C.J. McKeown, and Officer Young. (Id.)

### a. Personal Involvement

A review of the complaint reveals that other than being named in the caption of the complaint, there exist no factual averments against Defendants Larry Mahally, Sowga, or J.H. Dupont in the body of the complaint. Because there are

6

no factual averments against any of these Defendants, Plaintiff has not identified the particular conduct of each one of these Defendants that is alleged to have violated Plaintiff's rights. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.).

To the extent that Plaintiff attempts to impose liability on these Defendants as supervisory personnel, liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1017, 1082 (3d Cir. 1976)). In Capone, the court noted "that supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." 868 F.2d at 106 n.7. The plaintiff must allege that the defendant was personally involved in the events or occurrences that underlie the claim. See Atkinson v. Taylor, 316 F.3d 257, 270-71 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual

knowledge and acquiescence, however, must be made with appropriate particularity.").

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation).

As the Court stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998);

see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983).

The Court finds that Plaintiff's complaint is bereft of any allegations identifying the personal involvement, acquiescence, or knowledge of Defendants Mahally, Sowga, or Dupont in the alleged events or occurrences that underlie the current claims. Accordingly, Defendants Mahally, Sowga, and Dupont will be dismissed from this action without prejudice. Plaintiff will be granted leave to amend his complaint to include specific allegations, if any, against these three individuals in order to cure the above noted deficiencies.

**b. Due Process**

Plaintiff's due process claim implicates Defendants Waligun and McKeown. Specifically, Plaintiff alleges that Defendant Waligun violated his due process rights when she filed a false misconduct report accusing him of assaulting her. (Doc. No. 1 at 11.) Plaintiff also alleges that Defendant McKeown violated his due process rights when he limited Plaintiff's testimony and stopped him from

9

testifying at the misconduct hearing and denied Plaintiff's request for the video tape evidence during the hearing. (Id.)

First, the filing of a false misconduct report does not violate an inmate's due process rights. As stated in Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." However, the "Plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Id. Thus, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of misconduct. Makenson v. Luzerne Cnty. Corr. Facility, Civ. No. 4-13-2204, 2014 WL 4187666, at *4 (Aug. 22, 2014); Brown v. Hannah, 850 F. Supp. 2d 471, 476 (M.D. Pa. 2012).

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall ... deprive any person of life, liberty, or property, without due process of law...." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the ... protection of 'life, liberty or property[,]' " and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.' " Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is

unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Supreme Court shifted the focus of the liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. <u>Id.</u> at 481. The Court reasoned, <u>inter alia</u>, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. <u>Id.</u> at 485. Accordingly, the Court, focusing on the nature of the punishment instead of on the words of any regulation, held that the procedural protections in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974)[1], were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Sandin</u>, 515 U.S. at 486. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id.</u> at 484.

---

[1] In <u>Wolff</u>, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id</u>. at 556. However, the Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative …; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. <u>Id.</u>

Here, Plaintiff has neither identified nor described what protected liberty or property interest was lost, if any, as a result of the misconduct hearing. Significantly, Plaintiff does not allege that he lost good conduct time as a result of the misconduct proceeding. See Sandin, 515 U.S. at 483 (holding that a deprivation occasioned by prison condition does not reach protected interest status unless it imposes an atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life); see Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994) (providing that complainant must show some type of prejudice resulting from alleged due process violation in disciplinary proceeding). Plaintiff has not alleged any sanctions imposed on him by Defendant McKeown with respect to the alleged false misconduct report or whether any resulting sanctions or conditions, if any, imposed an atypical, significant hardship, in contrast to the ordinary incidents of prison life. Consequently, the due process claim will be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Moreover, the Court notes that Plaintiff's claims that his due process rights were violated during his misconduct hearing fail as a matter of law because to the extent that Plaintiff calls into question the validity of his disciplinary action, it is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for damages related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47. "To summarize, 'a state prisoner's § 1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its

duration." Tayler v. Sanders, Civ. No. 1:11-CV-1291, 2012 WL 4104871, at * 8 (M.D. Pa. Sept. 18, 2012) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Thus, under Heck and its progeny, Plaintiff's instant claim fails, as any type of award in his favor on these claims would call into question the validity of the underlying disciplinary proceeding. Therefore, he cannot state a claim unless he can demonstrate that the decision finding him guilty of the charges of misconduct was invalidated on administrative appeal or through the issuance of a writ of habeas corpus. Because Plaintiff has not alleged facts demonstrating that his misconduct was invalidated on administrative appeal or through the issuance of a writ of habeas corpus, the instant claim must be dismissed.

### c. Retaliation

Plaintiff alleges that Defendant Waligun retaliated against him by filing a false misconduct of assault because Plaintiff and his family complained about the treatment he was receiving from the medical department. (Doc. No. 1 at 9.) To prevail on a retaliation claim, a plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn,

14

241 F.3d 330 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)); Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002).

In the instant case, even if this Court were to find that Plaintiff was engaged in protected activity, thereby satisfying the first element of a retaliation claim, Plaintiff's claim fails on the second prong. Specifically, Plaintiff's complaint reveals that he was not deterred by any alleged adverse action taken by Defendant Waligun because he avers that he filed grievances concerning the alleged assault incident. (Doc. No. 1 at 12.) See Brown v. Hannah, 850 F. Supp. 2d 471, 479 (M.D. Pa. Feb. 6, 2012). Accordingly, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

### d. Conspiracy to Retaliate

Plaintiff also appears to claim that the Defendants conspired to retaliate against him by filing a false misconduct report of assault because Plaintiff and his family reported that Plaintiff was not receiving adequate medical care from the medical department. (Doc. No. 1. at 9.) Plaintiff's bare conclusory allegations of a conspiracy are inadequate to state a cognizable conspiracy claim. See Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F.2d 722 (3d Cir. 1992), cert. denied 510 U.S. 829 (1993). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in

carrying out those objectives. Bare conclusory allegations of 'conspiracy' … will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Id. at 928.

Plaintiff does not specify any role or agreement of Defendants in the alleged conspiracy to retaliate against Plaintiff for him and his family's complaints about the medical department's inadequate care. He does not make specific factual allegations of an agreement, combination or understanding among the Defendants to plot, plan, or conspire to carry out the alleged chain of events that have led to the alleged violation of Plaintiff's rights. Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

16

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court finds that Plaintiff should be permitted leave to amend his complaint. Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint, exhibits, memorandum in support of his complaint, or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. Nos. 2, 6) will be granted. Plaintiff's complaint (Doc. No. 1) will be dismissed without prejudice for his failure to state a claim upon which relief

17

may be granted. Plaintiff will be granted twenty (20) days leave in which to file an amended complaint as set forth above. An appropriate Order follows.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: December 19, 2017