IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY I PEREZ, SR., :
    Plaintiff :
                            :     No. 1:17-cv-02117
    v. :
                            :     (Judge Rambo)
LARRY MAHALLY, et al., :
    Defendants :

**MEMORANDUM**

Before the Court is pro se Plaintiff Anthony Perez, Sr.'s amended complaint filed pursuant to 42 U.S.C. § 1983. (Doc. Nos. 18-20.) For the reasons set forth below, the amended complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

On November 17, 2017, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In accordance with the Prisoner Litigation Reform Act of 1995 ("PLRA"), this Court screened Plaintiff's complaint and on December 19, 2017, dismissed it for failure to state a claim upon which relief may be granted and accorded Plaintiff twenty (20) days to file an amended complaint. (Doc. Nos. 9 & 10.) On January 9, 2018, the Court granted Plaintiff an additional twenty (20) days in which to file his amended complaint. (Doc. No. 12.) Plaintiff then filed a "Letter to Court with attachments," providing that the relief he seeks is to have a misconduct removed from his record. (Doc. No. 13.)

1

On February 5, 2018, the Court ordered the Clerk of Court to strike Plaintiff's letter as an improperly filed pleading and permitted Plaintiff an additional twenty (20) days to file an amended complaint. (Doc. No. 14.) On February 26, 2018, Plaintiff filed a motion for extension of time to file an amended complaint (Doc. No. 15) and a motion to appoint counsel (Doc. No. 16). On February 28, 2018, the Court granted Plaintiff's motion for an extension of time and denied Plaintiff's motion to appoint counsel. (Doc. No. 17.) In the Court's February 28, 2018 Order, the Court strongly advised Plaintiff to utilize the prisoner civil rights complaint form to prepare any amended complaint. (Id.) On March 21, 2018, Plaintiff filed an amended complaint which consists of three separately docketed pages. (Doc. Nos. 18, 19, 20.)

The first page (Doc. No. 18), names as a Defendant CJ McKeown, a hearing examiner at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), and alleges that on April 25, 2017, McKeown prohibited Plaintiff from introducing evidence during his misconduct hearing. (Id.) Plaintiff claims that because of the misconduct, he received an unfair judgment from the state parole board and had to serve time in the Restricted Housing Unit ("RHU"). (Id.)

The second page (Doc. No. 19), names as a Defendant Nurse R. Walgun. (Id.) Plaintiff alleges that on March 26, 2017, Walgun filed a false misconduct accusing Plaintiff of "false allegations." (Id.) Plaintiff does not elaborate as to

what these "false allegations" were. It appears that Plaintiff claims that because he was subsequently found guilty of the misconduct, the misconduct negatively impacted the decision not to parole him on September 9, 2017. (Id.)

The final page (Doc. No. 20), names as Defendant Officer Young. (Id.) It appears that Plaintiff alleges that on March 26, 2016, Young conspired with Waligun to cover up Waligun's alleged false misconduct report. (Id.) As relief, Plaintiff seeks the removal of his misconduct from his record and compensation. (Doc. Nos. 18, 19, 20.)

## II. LEGAL STANDARD

### a. Screening Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own

motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 1:15-CV-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### b. Section 1983 Standard

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

## III. DISCUSSION

### a. Claims Against Defendants McKeown and Waligun

Plaintiff's claims that Waligun and McKeown violated his due process rights. (Doc. Nos. 18, 19.) Specifically, Plaintiff alleges that Waligun violated his due process rights when she filed a false misconduct report accusing him of "false allegations." (Doc. No. 19.) Plaintiff also alleges that McKeown violated his due process rights when he prevented Plaintiff from entering "critical testimony" and denied his request to introduce video tape evidence during the hearing. (Doc. No. 18.)

The filing of a false misconduct report does not violate an inmate's due process rights. See Seville v. Martinez, 130 F. App'x 549, 551 (3d Cir. 2005). As stated in Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty

interest." However, the "Plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Id. Thus, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of misconduct. Makenson v. Luzerne Cty. Corr. Facility, Civ. No. 4-13-2204, 2014 WL 4187666, at *4 (Aug. 22, 2014); Brown v. Hannah, 850 F. Supp. 2d 471, 476 (M.D. Pa. 2012).

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall ... deprive any person of life, liberty, or property, without due process of law...." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the ... protection of 'life, liberty or property[,]' " and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.' " Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court shifted the focus of the liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. The Court reasoned, inter alia, that "[d]iscipline by prison

officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. Accordingly, the Court, focusing on the nature of the punishment instead of on the words of any regulation, held that the procedural protections in Wolff v. McDonnell, 418 U.S. 539 (1974)[1], were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Here, Plaintiff contends that he was forced to spend time in the RHU and lost consideration for his parole release date of September 2, 2017. (Doc. No. 18.) However, as set forth in Sandin, this type of disciplinary confinement does not constitute an "atypical and significant hardship." Sandin 515 U.S. at 483; see also Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin"); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)

---

[1] In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. However, the Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative …; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

(finding that fifteen months in segregation was not an atypical and significant hardship).

Moreover, Plaintiff's claim that he was denied parole on the basis of the misconduct in his file also fails to state a claim upon which relief can be granted. A prisoner does not have a liberty interest protected by the due process clause in being released on parole. See Greenholtz v. Inamtes of Nebraska Penal & Correctioanl Complex, 442 U.S. 1, 7 (1979) (the Constitution creates no liberty interest in parole); Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997) ("Parole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law abiding citizen in society.").

Because Plaintiff does not have a liberty interest protected by due process in receiving parole, he fails to state a claim upon which relief may be granted. See Lopez v. Cousins, Civ. No. 04-1961, 2005 WL 8149165, at *13 (M.D. Pa. Sept. 4, 2005). Consequently, his claims against McKeown and Walgun will be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Additionally, the Court notes that to the extent that Plaintiff calls into question the validity of his disciplinary action, this claim fails as a matter of law pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court

ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for damages related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47. "To summarize, 'a state prisoner's § 1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its

11

duration." Tayler v. Sanders, Civ. No. 1:11-CV-1291, 2012 WL 4104871, at * 8 (M.D. Pa. Sept. 18, 2012) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Thus, under Heck and its progeny, Plaintiff's instant claim fails, as any type of award in his favor on these claims would call into question the validity of the underlying disciplinary proceeding. Therefore, he cannot state a claim unless he can demonstrate that the decision finding him guilty of the charges of misconduct was invalidated on administrative appeal or through the issuance of a writ of habeas corpus. Because Plaintiff has not alleged facts demonstrating that his misconduct was invalidated on administrative appeal or through the issuance of a writ of habeas corpus, the instant claim must be dismissed.

### b. Claim Against Defendant Young

Lastly, Plaintiff appears to claim that Young's failure to file a report that would have contradicted Walgun's false misconduct supports Plaintiff's contention that Young conspired with Walgun in issuing Plaintiff a false misconduct. (Doc. No. 20.) Plaintiff's bare conclusory allegation of a conspiracy is inadequate to state a cognizable conspiracy claim. See Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F.2d 722 (3d Cir. 1992), cert. denied 510 U.S. 829 (1993). "The Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives. Bare

conclusory allegations of 'conspiracy' … will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Id. at 928.

Plaintiff does not specify any role or agreement of Defendants in the alleged conspiracy against Plaintiff. He does not make specific factual allegations of an agreement, combination or understanding among the Defendants to plot, plan, or conspire to carry out the alleged chain of events that have led to the alleged violation of Plaintiff's rights. Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### c. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."

Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims upon which relief may be granted. Plaintiff has already been afforded an opportunity to file an amended complaint, however, the Court concludes that the deficiencies outlined above are not capable of being cured by amendment, and therefore, the Court finds that any further amended complaint would be futile. See Forman v. Davis, 371 U.S. 178, 182 (1982); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (Doc. Nos. 18, 19, 20), will be dismissed with prejudice for failure to state a claim upon which relief may be granted. An appropriate Order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge